**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STEVEN RAY WILLIAMS,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| **v.** | )   **CIV-07-503-R** |
| | ) |
| **MIKE ADDISON, Warden,** | ) |
| | ) |
|       **Respondent.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered October 17, 2007 [Doc. No. 25] and Petitioner's Objections to the Report and Recommendation filed December 5, 2007. Doc. No. 28. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews de novo those aspects of the Report and Recommendation to which Petitioner objects.

Petitioner first objects to the Magistrate Judge's conclusion that the Oklahoma Court of Criminal Appeals' (OCCA) adjudication of Petitioner's claim for ineffective assistance of counsel was not contrary to and did not involve an unreasonable application of federal law as determined by the United States Supreme Court because, Petitioner argues, the OCCA applied the wrong standard of review to Petitioner's claim and which, contrary to the finding of the Magistrate Judge, see Report and Recommendation at pp.6-7, changed Petitioner's

burden of proving a claim for ineffective assistance of counsel. Petitioner's arguments are predicated upon the following statement by the OCCA in its summary opinion:

> Trial counsel's strategic decisions are entitled to considerable deference, and Appellant has not raised a **strong possibility** that counsel's decision here undermines confidence in the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Patterson v. State*, 2002 OK CR 18, ¶ 17, 45 P.3d 925, 929; Rule 3.11(B)(3)(b)(i), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, O.S. Ch. 18, App. Proposition 1 is denied.
>
>                    OCCA Summary Opinion (Exhibit 3 to Response to Petition at p.2 (footnote omitted).

Although the OCCA's language does not perfectly track Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the OCCA's "adjudication of [Petitioner's ineffective assistance] claim . . . [did not] result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added). A state court decision is not "contrary to . . . clearly established Federal law" as long as "'neither the reasoning nor the result of the state-court decision contradicts'" Supreme Court precedent. Mitchell v. Esparza, 540 U.S. 12, 16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263, 269 (2003) (quoting Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263, 270 (2002)). A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141, 125 S.Ct. 1432, 1439, 161 L.Ed.2d 334,344 (2005); Williams v. Taylor, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389, 426-27

(2000). Petitioner has not shown that the OCCA's reasoning or results in the adjudication of his claim for ineffective assistance of counsel contradicted <u>Strickland</u> or any other Supreme Court precedent nor has he shown that the OCCA applied <u>Strickland</u> to the facts in his case in an objectively unreasonable manner. At best Petitioner has shown that the OCCA either employed imprecise language in describing the prejudice prong under <u>Strickland</u>[1], that it was really referring to the standards set forth in Okla. Stat. tit. 22, Ch. 18, App., Rule 3.11B(3)(b)(i) & (ii) (when a claim for ineffective assistance of counsel predicated on alleged failure to properly utilize available evidence or to adequately investigate and identify evidence is made and is based on evidence not in the record, to rebut the strong presumption of regularity of trial proceedings and competency of counsel, application and affidavits must show by clear and convincing evidence that "there is a strong possibility trial counsel was ineffective" and a "strong possibility" is necessary to obtain remand for an evidentiary hearing), or that it used imprecise language combining both.

Petitioner objects to the Magistrate Judge's conclusions that "the OCCA's decision is not based on an unreasonable determination of the facts in light of the evidence presented at the trial," Report and Recommendation at p.9, and that "Petitioner's defense attorneys did not act in an objectively unreasonable manner by failing to 'tell Petitioner of the existence of the statement pretrial.'" <u>Id.</u> Petitioner reiterates that he "was not aware of the written

---

[1] In <u>Strickland</u>, the United States Supreme Court described the prejudice prong of the test for constitutionally ineffective assistance of counsel as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>Strickland v. Washington</u>, 466 U.S. at 694, 104 S.Ct. at 2055-56, 80 L.Ed.2d at 698, and defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

statement though there was testimony of the existence of the written statement at preliminary hearing." Petitioner's Objections at p.4.  However, he points out that he asserts (and has asserted all along) that trial counsel was ineffective in failing to show him the written statement or reveal the contents of the statement to him "which would have enabled Petitioner to mount a meaningful defense because there existed documentary evidence that the garage did not exist until after the alleged victim's 16th birthday."  Id. at pp.4-5.  He points out that he asserted in his brief on appeal to the OCCA and again in his Petition herein that the first time he became aware that the victim claimed Petitioner's son was in the garage at the time the crime of conviction occurred was at trial (during Petitioner's cross-examination of the victim).  Id. at p.5.

The OCCA's factual determinations must be presumed correct in this habeas proceeding.  28 U.S.C. § 2254(e)(1).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The OCCA impliedly found that Petitioner's counsel made the strategic decision not to impeach the victim's prior written statement that Chase was working on his car in the garage at the time Petitioner made a lewd proposal to the victim with testimony (or other evidence) that the garage was not even in existence during the time frame the victim claimed the proposal was made.  It impliedly made this finding because all of the victim's testimony was consistent with the proposal having occurred in the summer of 2000, when she was dating Chase, Tr. Vol. V, pp.1029 & 1032, when she was doing work for the Petitioner's hardware store and before she went to work for the Williams' grocery store upon turning sixteen, see Tr. Vol.

V pp.1029-1036, 1055-1056 & 1073, and Petitioner's "defense" to this charge was not that the victim was not under the age of sixteen when the alleged proposal was made but that instead of saying "Wouldn't it feel good to have sex with me?" Petitioner had a talk with the victim during the same time "about having sex at such a young age" in which he asked her "Wouldn't it be nice to have sex when you're older?" Tr. Vol. VIII at p.1589. See OCCA Summary Opinion at p.2. Petitioner has failed to present clear and convincing evidence that the decision not to impeach the victim by impeaching her prior written statement (which was never admitted into evidence at trial) with testimony or evidence that the garage was not then built (and thus show that the alleged proposal was not made until after the victim turned sixteen years old rather than to deny that the question propounded by Petitioner was that described by the victim but was in fact another question) was not a tactical decision presumed to be sound trial strategy. See Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at ___, 80 L.Ed.2d 694-5. Accordingly, the Court, like the Magistrate Judge, concludes that the OCCA's adjudication of Petitioner's claim of ineffective assistance of counsel based on trial counsel's alleged failure to disclose the contents of the victim's prior written statement to Petitioner was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Bolstering this conclusion is the fact that Petitioner had the opportunity at trial, when he subsequently testified, to rebut the victim's testimony that "Chase was in the garage working on his truck" when Petitioner allegedly made the lewd proposal by his own testimony that that could not have occurred

when the victim was 15 because the garage did not exist, or had not been built, until after the victim turned sixteen, and did not do so.

Petitioner asserts that the OCCA's determination that the victim's testimony alone was sufficient evidence from which a rational jury could find the essential elements of the crime beyond a reasonable doubt was contrary to or an unreasonable application of federal law, as determined by the Supreme Court, because the jury obviously found the victim's testimony not credible since it acquitted Petitioner of the indecent exposure charge. The Magistrate Judge thoroughly and correctly analyzed Petitioner's claim of insufficient evidence and correctly concluded that the "OCCA's decision was not contrary to or an unreasonable application of the governing Jackson[2] standard. Nor was the OCCA's decision based on an unreasonable determination of the facts in light of the evidence presented at Petitioner's trial." Report and Recommendation at p.14. The Court knows of no authority, and Petitioner has cited none, that permits consideration of the jury's acquittal on one count to show that a victim's testimony was unworthy of belief, required corroboration or, more importantly, was not sufficient to support a conviction on another charge. Moreover, Petitioner fails to consider reasons for the jury's acquittal of Petitioner on the indecent exposure charge other than its disbelief of the victim's testimony relating to that charge, for example, that Petitioner's exposure of his penis while in his swim trunks was inadvertent.

---

[2] Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979).

Petitioner next objects to the Magistrate Judge's conclusion that the OCCA's rejection of his claim for improper admission of the testimony of the Grady County assistant district attorney was not contrary to or an unreasonable application of Supreme Court jurisprudence. Petitioner asserts that the admission of the prosecutor's rebuttal testimony concerning the Petitioner's prior convictions rendered his trial fundamentally unfair. He also objects to the Magistrate Judge's finding that Petitioner's direct testimony about his prior convictions was a "mischaracterization of the severity of those [prior] offenses," quoting the Report and Recommendation at p.20.

The Court agrees with the OCCA and the Magistrate Judge that the assistant district attorney's testimony was proper impeachment evidence admitted to rebut Petitioner's mischaracterization of his prior offenses and relevant to Petitioner's credibility, to attacks on which Petitioner opened the door by testifying. Admission of this testimony did not render Petitioner's trial fundamentally unfair, see, e.g., Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir.), cert. denied, 525 U.S. 950 (1998); Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990), and the OCCA's adjudication of this claim did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law under Supreme Court precedent.

Petitioner asserts that he is entitled to habeas relief because the prosecutor violated an order of the trial court by presenting evidence concerning Petitioner's probation revocation proceeding in another case. The Magistrate Judge correctly observed that the OCCA rejected this claim solely on evidentiary grounds as proper impeachment and that

state evidentiary determinations do not ordinarily present federal constitutional issues, appropriate to habeas review, unless "'a state court applies the State's evidentiary rules unfairly to prevent a defendant from presenting evidence that is critical to his defense.'" Report and Recommendation at p.16, quoting Romano v. Gibson, 239 F.3d 1156, 1166 (10th Cir.), cert. denied, 534 U.S. 1045 (2001). Because Petitioner had not alleged and there was nothing in the record reflecting that the court unfairly prevented Petitioner from presenting evidence critical to his defense, see Report and Recommendation at p.16, Petitioner was not entitled to habeas relief. Additionally, even if the prosecutor violated the Court's order by questioning Petitioner about his time in the Grady County jail and whether he was then addicted to drugs, a dubious proposition at best inasmuch as the prosecutor made no express reference to probation revocation proceedings, the prosecutor's questioning was designed to elicit proper impeachment, violation of a court order does not itself constitute a constitutional violation and, in any event, the Court concurs in the Magistrate Judge's conclusion that Petitioner has not shown that the prosecutor's brief questioning of Petitioner concerning whether he was addicted to drugs when he went into the Grady County jail resulted in a due process violation or a trial error which was not harmless. See Report and Recommendation at p.17.

The Court, having concluded that no errors have been found, Petitioner's objection to the Magistrate Judge's conclusions concerning Petitioner's claim that cumulative trial errors resulted in a denial of due process and a fair trial is moot.

In accordance with the foregoing, Petitioner's objections to the Report and Recommendation are without merit; the Report and Recommendation [Doc. No. 25] of the Magistrate Judge is ADOPTED in its entirety; and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS SO ORDERED this 14th day of December, 2007.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE